Timothy J. Preso
Earthjustice
313 East Main Street
Bozeman, MT 59715
tpreso@earthjustice.org
(406) 586-9699 | Phone
(406) 586-9695 | Fax

*Counsel for Plaintiffs*

Bradford M. Purdy (Idaho Bar # 3472)
2019 N. 17th Street
Boise, ID 83702
bmpurdy@hotmail.com
(208) 384-1299 | Phone
(208) 384-8511 | Fax

*Local Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| GERALD JAYNE, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 09-cv-015 (BLW) |
| HARRIS SHERMAN, et al., | ) |
| Defendants, | ) **PLAINTIFFS' SURREPLY IN RESPONSE TO FEDERAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FILED ON JULY 15, 2010** |
| and | ) |
| IDAHO ASSOCIATION OF COUNTIES, et al., | ) |
| Defendant-Intervenors. | ) |

Following plaintiffs' filing of their consolidated opposition and reply brief in this case, the Ninth Circuit issued two decisions addressing the requirements for standing under Article III: <u>Western Watersheds Project v. Kraayenbrink</u>, Appeal Nos. 08-35359 & 08-35360, 2010 WL 3420012 (9th Cir. Sept. 1, 2010), and <u>Wilderness Society v. Rey</u>, Appeal No. 06-35565, 2010 WL 3665713 (9th Cir. Sept. 22, 2010). In their reply brief, federal defendants declare that plaintiffs lack standing under the rule of <u>Rey</u> while dismissing <u>Kraayenbrink</u> as a misguided and "non-final" opinion. Fed. Reply at 2-6. Their arguments fail. As demonstrated by the Ninth Circuit's controlling decision in <u>Kraayenbrink</u>, plaintiffs have standing to bring this challenge to the Idaho Roadless Rule.

*First*, while federal defendants challenge plaintiffs' reliance on <u>Kootenai Tribe v. Veneman</u>, 313 F.3d 1094 (9th Cir. 2002), as inconsistent with <u>Summers v. Earth Island Institute</u>, 129 S.Ct. 1142 (2009), <u>see</u> Fed. Reply at 2-3, the Ninth Circuit's reasoning in <u>Kraayenbrink</u> reaffirms that a plaintiff has standing to challenge an action that strips regulatory protections from specific areas in which the plaintiff has demonstrated a concrete interest, <u>see</u> 2010 WL 3420012, at *8-10. With <u>Kraayenbrink</u>, the Ninth Circuit considered a challenge to Bureau of Land Management ("BLM") regulations that removed substantive and procedural protections from public grazing lands across the western United States. <u>See id.</u> at *1. Though the rules had "not yet been applied by the BLM," the Court concluded that plaintiffs had established standing to challenge them—under both the Endangered Species Act and National Environmental Policy Act—by submitting declarations identifying "numerous BLM grazing allotment sites" in numerous states in which plaintiffs' members had concrete interests and to which the regulations applied. <u>See id.</u> at *9-10; <u>see also id.</u> at *8 (plaintiff "may establish an injury in fact by showing 'a connection to the area of concern sufficient to make credible the connection that the person's

1

life will be less enjoyable … if the area in question remains or becomes environmentally degraded'").

Contrary to federal defendants' assertions, see Fed. Reply at 5-6, the standing declarations in this case offer more specific evidence of concrete interests than did the declarations deemed adequate by the Ninth Circuit in Kraayenbrink. In their Kraayenbrink declarations, the plaintiff organizations' members noted their interest in entire grazing allotments—one of which was approximately 500,000 acres in size. See, e.g., Decl. of Jon Marvel, W. Watersheds Project v. Kraayenbrink, Civ. No. 05-297-E-BLW (D. Idaho) (Doc. 3-2) (attached as Exh. A), ¶¶ 5-7, 12-15, 33, 50, 61 (noting interest in allotments of "[a]pproximately 500,000 acres" and "almost 100,000" acres, among others); Decl. of Kathleen Fite, W. Watersheds Project v. Kraayenbrink, Civ. No. 05-297-E-BLW (D. Idaho) (Doc. 29) (attached as Exh. B), ¶¶ 17-19, 56-59 (noting interest in set of "allotments ranging in size from 40 acres to 11,000 acres," among others); see also Kraayenbrink, 2010 WL 3420012, at *9 (discussing Fite and Marvel declarations). Here, plaintiffs have demonstrated their members' concrete interests in more specific areas—namely, portions of inventoried roadless areas within the State of Idaho that have lost regulatory protections under the Idaho Roadless Rule. See, e.g., Gehrke Decl. ¶¶ 3-6 (Doc. 67-3) (discussing areas he is "personally familiar with [that] have been allocated to the 'Backcountry/Restoration' prescription under the Idaho Roadless Rule"); Hoyt Decl. ¶¶ 15-27 (Doc. 67-4) (discussing "areas allocated to the 'General Forest' prescription by the Idaho Roadless Rule" that have been targeted for logging and phosphate mining); Jayne Decl. ¶¶ 3-10 (Doc. 67-19) (discussing "General Forest" and "Backcountry" lands within Bear Creek and Garns Mountain roadless areas); Scott Larson Decl. ¶¶ 3-6 (Doc. 67-20) (discussing lands designated as "Backcountry" and "General Forest" under Idaho rule); Pavia Decl. ¶¶ 3-8 (Doc.

2

67-21) (discussing "General Forest" and "Backcountry" lands within Katka Peak, Saddle Mountain, and Selkirk roadless areas).

In contending that plaintiffs and their members have improperly claimed an interest "in entire IRAs," see Fed. Reply at 5-6, federal defendants disregard both the specificity of plaintiffs' actual declarations in this case and the comparative breadth of the interests deemed sufficient for standing in Kraayenbrink, 2010 WL 3420012, at *9.

Federal defendants also wrongly assert that "the potential for impact on lands used by the plaintiffs in Kraayenbrink is much higher than with the lands at issue here." Fed. Reply at 6. While Kraayenbrink involved grazing allotments, the challenged regulations in that case did not authorize grazing, but rather undermined the BLM's ability to take enforcement actions aimed at remedying range abuse. See 2010 WL 3420012, at *1 (noting that the challenged regulations "decreased public involvement in public lands management, put new limitations on the BLM's enforcement powers, and increased ranchers' ownership rights to improvements and water on public lands"). At the time the suit was filed, the BLM had not yet taken any action under the challenged regulations in any specific allotments. See id. at *10 (noting that regulations had "not yet been applied by the BLM"). Thus, to paraphrase federal defendants, it was "not known" in Kraayenbrink "where within any particular [allotment] any future [remedial enforcement action] w[ould] occur, or whether such [an action] would occur in a manner affecting Plaintiffs." Fed. Reply at 5-6. Nevertheless, the plaintiffs had standing. Kraayenbrink, 2010 WL 3420012, at *9. There is no basis for a different outcome here.[1]

*Second*, in asking this Court to flout the rule of Kraayenbrink and Kootenai Tribe due to

---

[1] While federal defendants argue that the Kraayenbrink decision is "non-final" because "[t]he time for filing a petition for rehearing" has not yet expired, Fed. Reply at 5 n.4, this objection—if legitimate at all—applies with even greater force to the Rey opinion, which the Ninth Circuit issued 21 days after Kraayenbrink.

3

its alleged inconsistency with Summers and Rey, see Fed. Reply at 2-3, 5-6, federal defendants ignore the distinctions dividing these two lines of precedent. Both Summers and Rey addressed challenges to Forest Service regulations establishing administrative notice, comment, and appeal procedures for the entire National Forest System—regulations that had no bearing on particular areas of any national forest until they were applied in the context of specific projects. See Summers, 129 S.Ct. at 1147, 1149-51; Rey, 2010 WL 3665713, at *1-5. In contrast, both Kraayenbrink and Kootenai Tribe considered actions that stripped essential protections from specific public lands—lands in which plaintiffs' members had demonstrated a concrete interest. See Kraayenbrink, 2010 WL 3420012, at *1, 3-5, 9-10; Kootenai Tribe, 313 F.3d at 1105-07, 1109-10. Because plaintiffs' challenge to the Idaho Roadless Rule falls within this second category of cases, it is governed by the Ninth Circuit's reasoning in Kraayenbrink and Kootenai Tribe. See id. Federal defendants' reliance on Summers and Rey is accordingly unavailing. See Fed. Reply at 2-6.

*Third*, even if the Ninth Circuit's analysis in Rey was applicable in this case, it only underscores the sufficiency of plaintiffs' challenged declarations. In Rey, the Court concluded that the plaintiff organizations had failed to demonstrate standing to challenge the Forest Service's notice, comment, and appeal regulations where their member "ha[d] not shown that he [wa]s likely to encounter an <u>affected</u> area of [a particular national forest] in his future visits" but rather declared only a "'some day' general intention to return to the national forests of two geographically large states." 2010 WL 3665713, at *4 (holding so general an intention "too vague to confer standing"). The Court further noted that the declarant's alleged injury was "not connected to [his] recreational or aesthetic interest in enjoying that particular forest in the future." Id. at *5. Here, in contrast, plaintiffs' declarants have demonstrated both their concrete

4

interests in those specific portions of roadless areas that have lost protections under the Idaho Roadless Rule, and their intention to return to these particular lands in the future. See, e.g., Gehrke Decl. ¶¶ 3-6; Hoyt Decl. ¶¶ 15-27; Jayne Decl. ¶¶ 3-10; Scott Larson Decl. ¶¶ 3-6; Pavia Decl. ¶¶ 3-8. Federal defendants' challenge to plaintiffs' standing should accordingly be rejected by this Court.[2]

Respectfully submitted this 8th day of October, 2010.

       /s/ Timothy J. Preso
Timothy J. Preso
Earthjustice
313 East Main Street
Bozeman, MT 59715
tpreso@earthjustice.org
(406) 586-9699 | Phone
(406) 586-9695 | Fax

*Counsel for Plaintiffs*

---

[2] There is no merit to federal defendants' contention that the declaration of Mr. Jerry Pavia states only "'a vague desire to return to the [Selkirk Roadless Area] without any description of concrete plans, or indeed any specification of when the some day will be.'" Fed. Reply at 4-5 (quoting Rey, 2010 WL 3665713, at *4) (quotations omitted). After noting that the Selkirk Roadless Area is one of three roadless regions in his home county that he has professionally photographed during his 29-year career, Mr. Pavia stated his intention to again "return to the Selkirk Roadless Area to hike, observe wildlife, and take photographs during the next few years, and possibly this summer." Pavia Decl. ¶¶ 2-3, 6. Contrary to federal defendants' assertion, this is not the sort of "indefinite and vague desire to return" that is insufficient to support standing. See Fed. Reply at 4 (quotations omitted); Rey, 2010 WL 3665713, at *4 (noting that "[w]here the recreational use of a particular area has been extensive and in close proximity to the plaintiff, we have held that an affiant's expressed intention to continue using the land is sufficiently concrete to underwrite an injury-in-fact"—and concluding that declarant had failed to demonstrate standing only where "he d[id] not offer any testimony as to when he might return" to the relevant area) (emphasis added); see also Reed v. Salazar, Civ. Nos. 08-2117 (CKK) & 09-640 (CKK), 2010 WL 3853218, at *14 (D.D.C. Sept. 28, 2010) (finding standing where declarants stated intent to visit affected lands "'in the future'"; plaintiffs "professed an intent—more than a mere desire—to return").

5

6

Bradford M. Purdy (Idaho Bar # 3472)
2019 N. 17th Street
Boise, ID 83702
bmpurdy@hotmail.com
(208) 384-1299 | Phone
(208) 384-8511 | Fax

*Local Counsel for Plaintiffs*